contained in the statute and constituted an element of the offense, is not to be omitted from the indictment. In Stalls' Case, [State v. Stalls], 37 Tex. 440, the word 'knowingly' was contained in the statute and omitted from the indictment. The indictment was properly quashed. In Castle's Case, [Castle v. State], 23 Tex.App. [286,] 287, 4 S.W. 892, the prosecution was upon article 813, P.C. 1879 [Vernon's Ann.P.C. art. 1268], in which 'knowingly' was an essential element of the offense and was omitted in the indictment. Simon's Case, [Simon v. State], 31 Tex.Cr.R. [186,] 203, 20 S.W. 399, 716, 37 Am.St.Rep. 802, was a prosecution for incest. The indictment was attacked because of the omission of the word 'knowingly.' "

In view of the foregoing authority, appellant's second motion for rehearing is granted. The affirmance of the case is now set aside and the judgment of the trial court is reversed and the cause remanded.

HAWKINS, J., absent.

## SIMS v. STATE.
### No. 23626.

Court of Criminal Appeals of Texas.
March 26, 1947.

No appearance for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of burglary and his punishment assessed at two years in the penitentiary.

The record is before us without a statement of facts or bills of exception. The proceedings are regular and nothing is presented for our review.

The judgment of the trial court is affirmed.

HAWKINS, J., absent.